
**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SHANE INGALSBE,**<br><br>                **Plaintiff,**<br><br>    **v.**<br><br>**BANK OF AMERICA, N.A., et al.,**<br><br>                **Defendants.** | **1:10-cv-01665-OWW-SMS**<br><br>**MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 6)** |

## I. INTRODUCTION.

Plaintiff Shane Ingalsbe ("Plaintiff") brings this action for damages and injunctive relief against Defendants Bank of America, N.A., BAC Home Loans Servicing, LLP, Recontrust Company, N.A., and Mortgage Electronic Registration Systems, Inc.("Defendants").

Plaintiff filed a complaint in the California Superior Court for the County of Merced on August 29, 2010. (Doc. 1). Defendants removed Plaintiff's action to federal court on September 13, 2010. (Doc. 1).

Defendants filed a motion to dismiss Plaintiff's complaint on October 18, 2010. (Doc. 6). Plaintiff filed opposition to the motion to dismiss on November 29, 2010. (Doc. 7). Defendants filed a reply on December 6, 2010. (Doc. 9).
///

**II. <u>FACTUAL BACKGROUND</u>.**

In or about 2007, Plaintiff purchased real estate located at 3340 Harness Drive in Atwater, California as his primary residence. (Comp. at 8). Plaintiff obtained a loan from Countrywide bank secured by a deed of trust. (Comp. at 8).

In or about August 2008, Plaintiff fell behind on his home loan payments. (Comp. at 8). Plaintiff contacted Countrywide to explore options to foreclosure. (Comp. at 9). Countrywide denied Plaintiff's attempt to modify his loan. (Comp at 9). Countrywide also deneid Plaintiff's attempt to sell the property in a "short sale." (Comp. at 9).

On March 22, 2009, Defendant BAC recorded a Notice of Default on Plaintiff's property. (Comp. at 9). In or about May 2009, Bank of America "became his trustee" after purchasing Countrywide Bank. (Comp. at 9). In June 2009, Plaintiff submitted a new short sale offer to BAC; the offer expired in 2009 without being accepted or declined by BAC. (Comp. at 9). In August 2009, Plaintiff received a Notice of Trustee's Sale. (Comp. at 9).

In or about October 2009, Plaintiff put together a new short sale offer, but Bank of America did not respond to it. (Comp. at 9). Plaintiff filed for bankruptcy in October, 2009. (Comp. at 9). Plaintiff continued to solicit loan modification from BAC many times, but the only response he received was request for payment. (Comp. at 10).

From January 19, 2010 to March 23, 2010, Plaintiff continued to inquire about the status of the sale of his property. (Comp. at 10). Sale of his home was postponed approximately six times. (Comp. at 10). The last date Plaintiff received for the sale of

his home was March 26, 2010; a May 6, 2010 sale date was never provided to Plaintiff. (Doc. 10).

In April 2010, Plaintiff filled out a loan modification package and was given until the middle of May to return the package to BAC. (Comp. at 10). While in the process of loan modification, Plaintiff's home was sold to Fannie Mae on May 6, 2010. Prior to the sale, Plaintiff was told that BAC was going to extend the sale date until his loan modification application was either declined or approved. (Comp. at 10). Plaintiff was informed after his home was sold that he had been approved for loan modification. (Comp. at 10).

Plaintiff received an unlawful detainer eviction summons on June 20, 2010. (Comp. at 10).

### III. <u>LEGAL STANDARD</u>.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S.

**3**

----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

**4**

notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

### IV. DISCUSSION.

**A. Plaintiff's First Cause of Action: Cancellation of Voidable Contract**

Plaintiff contends that because Mortgage Electronic Registration Systems, Inc., ("MERS") failed to comply with California franchise tax laws and was not registered to do business in California, Plaintiff has the option of cancelling certain contracts to which MERS is a party. (Comp. At 11-12). The complaint alleges that MERS "operates as a record-keeping database company...[that] contracts *with lenders* to track security instruments in exchange for an annual fee." (Comp. at 11)(emphasis added). The complaint also alleges that MERS entered into a contract with Plaintiff, but there are no factual allegations sufficient to identify any such contract.

It appears that Plaintiff is attempting to allege that, due to MERS' non-compliance with California law, MERS somehow tainted the deeds of trust, rendering them void. However, Plaintiff's first cause of action is so deficiently pled that the true nature of Plaintiff's claims cannot be ascertained. As the complaint's first cause of action is unintelligible and violates Rule 8's notice requirement, it is DISMISSED, without prejudice. *See* Fed. R. Civ. P. 8.

**B.  Second Cause of Action: Fraud**

Federal Rule of Civil Procedure 9(b) imposes an elevated pleading standard with respect to fraud claims. Rule 9(b) provides:

In alleging fraud or mistake, a party must state with

5

1    particularity the circumstances constituting fraud or
     mistake. Malice, intent, knowledge, and other conditions
2    of a person's mind may be alleged generally.

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id*. (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The complaint's vague, general allegations lack the particularity needed to satisfy Rule 9. The complaint merely alleges that BAC "failed to provide Plaintiff with adequate notice regarding the continued trustee's sale." (Comp. at 12). *Inter alia*, the complaint fails to identify what false or misleading statements were made, by whom, or when. Plaintiff's fraud claim is DISMISSED, without prejudice.

**C. Third Cause of Action: Quiet Title**

Plaintiff's third cause of action is for quiet title. However, Plaintiff does not allege a tender of the indebtedness amount, which is a prerequisite to an action for quiet title in

**6**

California.  *E.g. Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).  Plaintiff cites no authority in support of the contention that tender is not an element of an action for quiet title seeking declaratory relief. (Opposition at 10).  Plaintiff's quiet title claim is DISMISSED, without prejudice.

**D. Fourth Cause of Action: Declaratory Relief**

Plaintiff's claim for declaratory relief is based on the alleged improper Notice of Default and Notice of Trustee's Sale recorded against Plaintiff's property.  (Comp. at 14).  Plaintiff makes the conclusory allegation that Defendants did not comply with RESPA or with California Civil Code Sections 2923.5 and 2923.6. (Id.).  The gravamen of Plaintiff's claim appears to be the discredited legal theory that only an entity in physical possession of a note is entitled to foreclosure.  Plaintiff's fourth cause of action is DISMISSED, without prejudice.

**E. Fifth Cause of Action: Breach of the Covenant of Good Faith**

Plaintiff contends that BAC entered into an agreement in which it promised to halt its foreclosure efforts pending the approval or denial of a loan modification.  Plaintiff fails to plead any consideration for such agreement.  Further, in order to plead a claim for tortious breach of the implied covenant of good faith and fair dealing, a complaint must allege facts which demonstrate a failure or refusal to discharge contractual responsibilities "prompted not by an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party."  *Careau & Co. v.*

7

*Security Pacific Business Credit*, *Inc.*, 222 Cal. App. 3d 1371, 1395 (Cal. Ct. App. 1990).  Plaintiff fails to plead either the existence of an enforceable agreement between Plaintiff and BAC concerning loan modification or facts sufficient to support an inference that any such agreement was deliberately breached under circumstances that would constitute a breach of the implied covenant of good faith and fair dealing.  Nor does Plaintiff allege a special relationship.  Plaintiff's fifth cause of action is DISMISSED, without prejudice.

**F. Sixth Cause of Action: Promissory Estoppel**

The complaint states that BAC made "ambiguous promises" to Plaintiff that suggested that, if Plaintiff executed a loan modification agreement, foreclosure proceedings would be halted. (Comp. at 20).  An unambiguous promise is an element of a cause of action for promissory estoppel.  *E.g. Advanced Choices, Inc. v. State Dept. of Health Services*, 182 Cal. App. 4th 1661, 1672 (Cal. Ct. App. 2010).  Further, Plaintiff's claim for promissory estoppel fails to allege facts sufficient to support his claim of detrimental reliance.  *See, e.g., Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 48 (Cal. Ct. App. 1990)(detrimental reliance is an element of a cause of action for promissory estoppel).  Plaintiff alleges that he "reasonably and foreseeably relied on [BAC's] promises and unknowingly and involuntarily waived the statutory right to cure the default and prevent the foreclosure sale of the property."  (Comp. at 20).  This is a conclusion of law.  Plaintiff does not allege facts sufficient to support his conclusory assertion that he had the financial means to cure the default at the time he purportedly relied on BAC's alleged promise

8

to modify his loan.

**G. Seventh Cause of Action: Wrongful Foreclosure**

Plaintiff contends that Defendants' foreclosure was wrongful because Defendants did not comply with California Civil Code section 2923.5. Plaintiff purports to assert a claim for damages based on violation of section 2923.5.

The sole remedy provided by section 2923.5 is additional time to explore alternatives to foreclosure prior to its occurrence. *Mabry v. Sup. Ct. Orange County*, 185 Cal.App.4th, 208, 235 (2010) ("the only remedy provided [for a violation of §2923.5] is a postponement of the sale before it happens."). To the extent Plaintiff's property has already been foreclosed upon, any claim based on section 2923.5 is moot. Plaintiff's seventh cause of action is DISMISSED, with prejudice.

**H.  Eighth Cause of Action: Injunctive Relief**

Plaintiff's claim for injunctive relief is based on the contention that Defendants lack standing to foreclose because they do not have the right to enforce the note. As the complaint fails to set forth any cognizable facts to support this cause of action, Plaintiff's claim for injunctive relief is DISMISSED, without prejudice.

**I. Ninth Cause of Action: Set Aside Illegal Trustee's Sale**

Plaintiff's ninth cause of action is based on Defendants alleged violation of the Home Affordable Modification Plan ("HAMP"). The consensus among district courts in the Ninth Circuit is that there is no private right of action under HAMP. *E.g. Benito v. Indymac Mortgage Serv.*, 2010 U.S. Dist. LEXIS 51259, 2010 WL 2130648, \*7 (D. Nev. 2010); *Wright v. Bank of America, N.A.*,

2010 U.S. Dist. LEXIS 73807, 2010 WL 2889117, *5 (N.D. Cal. Jul. 22, 2010); *Inman v. Suntrust Mortgage, Inc.*, 2010 U.S. Dist. LEXIS 91804, 2010 WL 3516309, *2 (E.D. Cal. Sept. 3, 2010). At the hearing on the motion to dismiss held on December 13, 2010, Plaintiff stated that leave to amend the direct claim under HAMP is unnecessary. Plaintiff's direct claim under HAMP is DISMISSED, with prejudice.

Plaintiff's opposition clarifies that Plaintiff seeks to assert a claim as a third-party beneficiary of HAMP. (Opposition at 15-16). Plaintiff cites no authority in support the notion that such a claim is viable. *Compare Wright*, 2010 U.S. Dist. LEXIS 73807 * 12-14 (rejecting theory advanced by Plaintiff) *with Reyes v. Saxon Mortgage Services, Inc.*, 2009 U.S. Dist. LEXIS 125235, at *6 (S.D. Cal. Nov. 5, 2009) (plaintiff permitted to proceed with a HAMP breach of contract claim under a third-party beneficiary theory). Assuming *arguendo* that Plaintiff's third-party beneficiary theory is tenable, the complaint fails to allege facts sufficient to support such a claim.

**J. Tenth Cause of Action: Set Aside Based on Alleged Fraud**

Plaintiff's tenth cause of action is premised on the argument that the trustee's sale should be set aside because it was the result of fraud and statutory violations. Plaintiff's conclusory allegation of fraud fails to meet Rule 9's particularity requirement, and the complaint does not allege violation of any statute that would justify setting aside the trustee's sale. Plaintiff's tenth cause of action is DISMISSED, without prejudice.

**K. Eleventh Cause of Action: Unfair Business Practices**

Plaintiff's Unfair Business Practices claim is based on

Defendants alleged violations of 2923.6 and foreclosure of Plaintiff's property without possession of the original note. Plaintiff's argument regarding possession of the note is devoid of legal merit, and section 2923.6 is not a substantive law. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (Cal. Ct. App. 2010)("section 2923.6, [] does *not* operate substantively. Section 2923.6 merely expresses the hope that lenders will offer loan modifications on certain terms")(emphasis in original). Plaintiff's eleventh cause of action is DISMISSED, with prejudice.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's complaint is DISMISSED in its entirety;

2) Plaintiff shall file an amended complaint within fifteen (15) days of service of the Memorandum Decision. Defendants shall filed a response within ten (10) days of service of the amended complaint; and

3) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:   December 13, 2010**          **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE